IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWIN BHATTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-19-0655-F |
| | ) | |
| SSM HEALTH CARE OF | ) | |
| OKLAHOMA, INC., d/b/a SAINT | ) | |
| ANTHONY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action arises out of plaintiff Edwin Bhatti's employment with defendant SSM Health Care of Oklahoma, Inc., d/b/a Saint Anthony Hospital.

Defendant moves under Rule 12(b)(6), Fed. R. Civ. P., for partial dismissal of the complaint. Doc. no. 11. Defendant seeks dismissal of claims brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans With Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA) and the Oklahoma Anti-Discrimination Act (OADA).[1] Defendant argues that in light of the last date of discrimination identified by plaintiff on his charge filed with the Equal Employment Opportunity Commission (EEOC), plaintiff waited too long to file that charge so that the challenged claims should be dismissed as untimely. Plaintiff responds, objecting to dismissal. Doc. no. 17. Defendant filed a reply brief. Doc. no. 18.

---

[1] The 42 U.S.C. §1981 claim is not challenged.

For the reasons stated below, the motion will be denied.

## Standards

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. Id. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177.

In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Id. Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S.662, 664 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. The court will disregard mere "labels and conclusions" and "[t]hreadbare recitals of the elements of a cause of action" to determine if what remains meets the standard of plausibility. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### Timing Requirements

Because Oklahoma is a deferral state, Title VII requires claimants to file a charge of discrimination with the EEOC or with the Oklahoma Attorney General's Office of Civil Rights Enforcement (OCRE) within 300 days of the alleged unlawful practice. Thuc Trans Sonic Indus. Servs., Inc., 767 F. Supp.2d 1217, 1224 n.1 (W.D. Okla. 2011). The same time limit applies to claims brought under the ADA and the ADEA. Chaney v. Wal-Mart Stores, Inc., 2015 WL 6692108 at *2 (W.D. Okla. Nov. 3, 2015) (ADA); Ingram v. Pre-Paid Legal Servs., Inc., 4 F. Supp. 2d 1303, 1308 (E.D. Okla. May 15, 1998) (ADEA). For an OADA claim, a charge must be filed with the OCRE within 180 days of the alleged unlawful practice. 25 O.S. Supp. 2013 §1350(B).

### Pertinent Allegations

The complaint alleges that "Mr. Bhatti has complied with all statutory prerequisites to filing this action." Doc. no. 1, ¶ 25. This allegation is conclusory and is disregarded for present purposes. The complaint refers to the charge of discrimination which plaintiff filed with the EEOC, and it refers to the right to sue letter issued by the EEOC. *Id.*, ¶¶26-27. The complaint, however, alleges nothing about when the EEOC charge was filed or its timeliness in relation to the last date of alleged discrimination.

### The EEOC Charge

At this stage, the court may go outside the pleadings to consider documents which are referenced in the complaint and central to it, without converting the motion to one for summary judgment. Accordingly, the court is permitted to consider the EEOC charge filed by Mr. Bhatti in his effort to exhaust his administrative remedies. That charge has been submitted by the defendant. Doc. no. 11-1.

The EEOC charge shows <u>March 23, 2018</u> as the latest date on which plaintiff claims discrimination took place. The EEOC charge also shows that it was signed by Mr. Bhatti on <u>March 29, 2019</u>.[2] Given these dates, the charge shows that it was not filed with the EEOC until well after the expiration of the 300-day and 180-day time limits.

Summary of the Parties' Arguments

Defendant moves to dismiss the challenged claims for failure to comply with the time limits for filing a charge.

Plaintiff, in response, argues that he is entitled to equitable tolling of those time limits. Plaintiff describes certain acts and events (none of which are alleged), which he contends show that any negligence or delays with respect to the timing of his charge should be ascribed to the EEOC. For example, plaintiff states that he was assigned a charge number and instructed to upload details of his charge online. He states that on April 15, 2018, using the assigned charge number and access code, he uploaded a six-page document delineating the discrimination and retaliation he allegedly experienced. He states that he then had several interactions with the EEOC investigator assigned to his charge. He states that he received an EEOC Form 5 from the investigator in March of 2019, with instructions to sign it within thirty days. He states that he did so, submitting the form to the EEOC via email and regular mail on March 29, 2019.

Defendant argues that even if the events described by plaintiff could be considered at this stage despite the fact that they are outside the pleadings, these events show no active deception by the EEOC regarding the applicable time limits and thus provide no basis for equitable tolling.

---

[2] The charge includes an EEOC receipt stamp which is dated April 3, 2019.

4

Analysis

The court will deny defendant's motion for two reasons.

First, defendant's authority for the proposition that plaintiff "bears the burden of pleading facts necessary to justify application of equitable tolling in this case," (doc. no. 18, p. 2 of 8), is weak at best.

A timely EEOC charge is not a jurisdictional prerequisite to suit. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Rather, a defendant must assert the untimeliness of the charge, and if the defendant fails to do so in a timely manner then the untimeliness defense may be waived. *See generally, id*. ("filing a timely charge of discrimination with the EEOC… [is] a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Furthermore, even if an untimeliness-of-the-charge defense is properly raised, plaintiff may rely on the doctrine of equitable tolling to overcome that defense. In other words, equitable tolling is a defense to a defense. Given that understanding of equitable tolling, it is not obvious that a plaintiff should be required to allege facts in support of equitable tolling to avoid dismissal at the 12(b)(6) stage.

The only Tenth Circuit Court of Appeals case cited by the defendant for the specific proposition that a plaintiff, at this stage, and in this situation, bears the burden to plead facts necessary to justify application of the equitable tolling doctrine, is Dumas v. Proctor and Gamble Mfg. Co., 453 Fed. Appx. 819 (10th Cir. 2011), cited at doc. no. 18, p. 2 of 8. Dumas addressed Proctor and Gamble's motion to dismiss, brought under Rule 12(b)(6). *Id*. at 820. The motion argued that Mr. Dumas failed to timely exhaust his administrative remedies before the EEOC. *Id*. Mr. Dumas responded that he had relied on incorrect advice of an EEOC agent regarding the timing of his charge. *Id*. The district court dismissed the claim, having concluded that Mr. Dumas failed to meet the narrow requirements

for equitable tolling. *Id*. The appeals court upheld the dismissal, stating that plaintiff's "bare allegation" was "insufficient to warrant equitable tolling." *Id*. at 821.[3] Thus, Dumas would appear to be on all fours with the situation presented here. But Dumas is unpublished and therefore not precedential.[4]

Furthermore, Dumas is not persuasive. Dumas states that certain "allegations" of the plaintiff (which appear to have been contentions rather than allegations), "[i]f true, … would likely qualify as active deception [by the EEOC agent] and allow for equitable tolling." *Id*. at 820-21. Nevertheless, Dumas states that plaintiff "failed to carry his burden of establishing that an EEOC agent actually misled him," referring to Mr. Dumas' failure to offer certain information and evidence. *Id.* at 821. Thus, Dumas seems to apply a burden of proof (a burden to establish) rather than a burden to plead, in the context of a Rule 12(b)(6) motion.[5] Dumas appears to conclude that although plaintiff had asserted a potentially plausible equitable tolling theory, he had not supported (or could not support) that theory with sufficient evidence to establish tolling, with the result that his claims were properly dismissed at the 12(b)(6) stage. Dumas' discussion leaves this court guessing about any applicable pleading standard to be derived from that case and imposed on the plaintiff here, in the context of this Rule 12(b)(6) motion.

---

[3] It is not clear which "bare allegation" the court was referring to.

[4] *See*, 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

[5] In support of Dumas' statement that the plaintiff had "failed to carry his burden of establishing that an EEOC agent actually misled him," 453 Fed. Appx. at 821 (emphasis added), Dumas cites Jenkins v. Mabus, 646 F.3d 1023 (8th Cir. 2011). Jenkins says nothing about any burden which applies at the 12(b)(6) stage. In upholding the district court's dismissal, Jenkins notes the district court dismissed the case after conducting an evidentiary hearing and it restates those findings. 646 F.3d at 1026 (standard of review applied), 1029 (district court's findings noted).

<u>Second</u>, even if a plaintiff should be required to plead facts in support of equitable tolling when confronted with an untimeliness-of-the-charge defense, various matters covered in defendant's reply brief suggest that, at least in this case, the untimeliness-tolling issue is best decided with the benefit of evidence rather than at the pleadings stage. For example, defendant raises issues regarding the instructions for filing a charge which are found on the EEOC's website. Defendant questions the nature of the interactions which plaintiff argues he had with the EEOC. Defendant contends plaintiff's arguments do not show that he was actively misled by the EEOC. And defendant notes that plaintiff has not stated whether he had the advice of counsel during the limitations period.

Finally, the court rejects defendant's alternative request, made for the first time in the reply brief, asking the court to convert the motion to dismiss to a motion for a more definite statement under Rule 12(e) if the court concludes plaintiff might be able to aver sufficient facts to support equitable tolling. As already stated, the untimeliness-tolling issue is best determined not at the pleadings stage but with evidence. Moreover, the purpose of a motion under Rule 12(e) is to provide the moving party with a remedy, when faced with an allegation that is so vague that the moving party cannot reasonably prepare a response. The complaint alleges that plaintiff "has complied with all statutory prerequisites to filing this action," (doc. no. 1, ¶25), an allegation which defendant may simply deny. In addition, defendant knows the general outlines of plaintiff's equitable tolling theory, thanks to plaintiff's response brief. In this situation, discovery, rather than a Rule 12(e) motion, is the appropriate vehicle by which to obtain the specifics of plaintiff's equitable tolling theory.

<u>Conclusion</u>

After careful consideration, defendant's partial motion to dismiss is **DENIED**.

Nothing stated in this order is intended to pre-judge how the untimeliness-tolling issue might be analyzed or determined if raised at a later stage, at which time the court will consider the issue *de novo*.

IT IS SO ORDERED this 6th day of January, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0655p005.docx